UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIRANDA GUY,

    Plaintiff,

        v.

BOARD OF EDUCATION ROCK HILL
LOCAL SCHOOL DISTRICT, et al.

    Defendants.

Case No. 1:18-cv-893

Bowman, M.J.

**MEMORANDUM OF OPINION AND DECISION**

This civil action is now before the Court on Defendants Chart-Snyder Benefits Solutions, Lawrence County Schools and Marsh & McLennon Agency's LLC's motions to dismiss Plaintiff's COBRA claims asserted against them (Docs. 122, 125, 126) and the parties' responsive memoranda. (Docs. 132, 134, 136, 139, 140). The motions will be addressed in turn.[1] The parties have consented to disposition of this matter by the magistrate judge pursuant to 28 U.S.C.§ 636(c). (Doc. 21).

**I.    Background and Facts**

Plaintiff's second amended complaint alleges that ["f]ollowing her effective termination by Defendant Board, no notice was ever sent to Plaintiff of her eligibility for COBRA benefits, with the result that she ceased to have vision and dental insurance available to her and her family." (Doc. 86, ¶ 19). Plaintiff further alleges that "Chard-Snyder Benefits Solution, acting as service provider for Rock Hill Local School District

---

[1] Defendants Lawrence County Schools and Chard-Snyder Benefits Solutions filed each filed motions to dismiss. (See Docs. 122, 125). Defendant Marsh & McClennan then filed a motion to dismiss adopting and incorporating the arguments raised by Chart- Snyder and Lawrence County Schools. (Doc. 126 ).

through Lawrence County Schools, Lawrence County Schools identified as Plan Administrator on the COBRA notice provided to Plaintiff, and Marsh McLellan Agency LLC, the unidentified Plan Administrator, were responsible for forwarding any COBRA information to Plaintiff and failed in their duty to do so. Id. at ¶.53

As for relief sought, Plaintiff alleges that "as a direct and proximate result of Defendants' failure to comply with the aforesaid requirements, Plaintiff has suffered damages and asks this court to impose sanctions under COBRA up to and including fines of up to $100 per day, attorney fees and such other relief to which she may be entitled by law and equity. (Doc. 86, ¶ 53).

## II. Standard of Review

In determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pled facts as true to determine whether the complaint states a plausible claim for relief. *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Boxill v. O'Grady*, 935 F.3d 510, 517 (6th Cir. 2019) (quoting *Iqbal,* 556 U.S. at 678). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cagayat v. United Collection Bureau, Inc.*, 925 F.3d 749, 753 (6th

Cir. 2020) (quoting *Cates v. Crystal Clear Techs.*, LLC, 874 F.3d 530, 534 (6th Cir. 2017)). "Dismissal under Rule 12(b)(6) is appropriate if the facts alleged fail to state a claim under which relief can be granted." *Nikolao v. Lyon*, 875 F.3d 310, 317 (6th Cir. 2017) (citing Iqbal, 556 U.S. at 678)

### III. Analysis

#### A. Chard-Snyder

At the outset, Defendants each contend that because Plaintiff's employer is a public entity, the Public Health Services Act ("PHSA") and its COBRA-related provisions (as opposed to ERISA) govern continuation coverage notice obligations. *See Watson v. Cleveland Mun. Sch. Dist.*, 409 F.Supp.2d 892, 895 (N.D. Ohio July 16, 2005) ("*Watson II*") ("Because Cleveland Schools is a public employer, this dispute is governed by the Public Health Services Act ("PHSA"), as amended by the Consolidated Omnibus Budget Reconciliation Act ("COBRA")). Notably, the PHSA imposes separate coverage notice obligations on group health plans, employers, and plan administrators. See 42 U.S.C. § 300bb-6. Notably, the PHSA's notification requirements, however, apply only to group health plans, employers, and plan administrators. See 42 U.S.C. § 300bb-6.

In this regard, Defendant Chard Snyder argues first that the second amended complaint expressly recognizes Chard Snyder as the plan's <u>service provider,</u> not the plan administrator. As detailed above, the PHSA's notification requirements, however, apply only to group health plans, employers, and plan administrators – not to plan service providers like Chard Snyder. See 42 U.S.C. § 300bb-6. As such, service providers have no obligation to provide notice of any kind – concerning continuation coverage or otherwise – to employees under the PHSA. See 42 U.S.C. § 300bb-6. *See Watson v.*

*Cleveland Mun. Sch. Dist.*, No. 1:04 CV 1825, 2005 WL 1123521, at *1 (N.D. Ohio Apr. 11, 2005) ("Watson I") (finding dismissal "warranted because plaintiff does not allege that Ceridian is either the plan sponsor or the plan administrator," rejecting the plaintiff's argument that Ceridian was an "agent or instrumentality" of her employer, the plan sponsor. Accordingly, as a service provider, the undersigned agrees that Chard Snyder is not a proper defendant.

Chard Snyder further argues that Plaintiff's claim against it separately fails because the PHSA does not authorize the relief she seeks, namely: fines, attorney's fees, and other compensatory damages. Under the PHSA, "[i]f notice [of a qualifying event] is not properly provided, an individual may bring an action for 'appropriate equitable relief.'" Id. (quoting 42 U.S.C. §300bb-7). "Appropriate equitable relief" under the PHSA "is to be narrowly construed[.]" *Watson II*, 409 F.Supp.2d at 895 (q*uoting Thomas v. Town of Hammonton,* 351 F.3d 108, n.5 (3d Cir. 2003)). Such relief does not include fines or attorney's fees. *Brett v. Jefferson Cnty.*, 123 F.3d 1429, 1435 (11th Cir. 1997); see also *Mansfield v. Chicago Park Dist. Grp. Plan*, 946 F.Supp. 586, 595 (N.D. Ill. 1996).

Similarly, the PHSA does not authorize the recovery of compensatory monetary damages, and claims seeking such damages under the PHSA are subject to dismissal as a matter of law. *Loizon v. Evans*, No. 18 C 2759, 2020 WL 5253852, at *12-14 (N.D. Ill. Sept. 3, 2020)(granting motion to dismiss for failure to state a claim because requests for monetary compensation are "barred by the PHSA"); *Lyons v. Bd. of Regents*, 2015 U.S. Dist. LEXIS 310, *5-8 (E.D. Wisc. Jan. 5, 2015) (granting motion for judgment on the pleadings because plaintiff's claim for monetary compensation is "not cognizable under 42 U.S.C. § 300bb-7").

4

Accordingly, Chard Snyder argues that Plaintiff's claim seeks relief to which she is plainly not entitled under the PHSA, namely, "fines of up to $100 per day" and "attorney's fees[.]" (Doc. 86 ¶ 53). Chard Snyder further argues that although Plaintiff also requests "such other relief to which she may be entitled by law and equity," Plaintiff fails to specifically identify the relief sought or allege any specific damages suffered to support her entitlement to "such other relief."

Notably, the Second Amended Complaint alleges that "Plaintiff suffered damages" but fails to specifically identify any damages suffered. While Plaintiff may have given deposition testimony regarding her alleged damages (e.g., her unreimbursed medical expenses), the Second Amended Complaint includes no allegations concerning those damages. Chard Snyder submits that this alone warrants dismissal of her Sixth Claim. Nonetheless, even if Plaintiff had more specifically alleged these damages, they are not recoverable under the PHSA for the reasons stated above.

Accordingly, Plaintiff's claim against Chard Snyder fails to state a claim and is therefore properly dismissed under Fed. R.Civ. P. 12(b)(6).

### B. Lawrence County Schools

Lawrence County also asserts that Plaintiff has not properly alleged a COBRA violation. In this regard, Lawrence County argues first that Plaintiff's barebone allegations are not sufficient to state a claim. Furthermore, even accepting the factual allegations as true, Lawrence County asserts that Plaintiff has not alleged a failure in notification.

Namely, Lawrence County contends that the allegations in Plaintiff's Second Amended Complaint establish the opposite—Plaintiff received a COBRA notice. Paragraph nineteen of Plaintiff's Second Amended Complaint alleges "[f]ollowing her

5

effective termination by Defendant Board, no notice was ever sent to Plaintiff of her eligibility for COBRA benefits…]"  In this regard, Plaintiff's Sixth Claim alleges, "Defendants failed to provide notices to Plaintiff of continuation of coverage to which she was entitled by law, and have failed to continue to provide vision and dental insurance to Plaintiff. (Doc. 86 , ¶ 52). Yet, in this very same paragraph Plaintiff indicates that she did in fact receive a COBRA notice. Paragraph 52 states "Chard-Snyder Benefits Solution acting as service provider for Rock Hill Local School District through Lawrence County Schools, Lawrence County Schools identified as Plan Administrator on the COBRA notice provided to Plaintiff..." Id.  Thus, by Plaintiff's own admission she received her COBRA notice. As a result, Lawrence County contends that Plaintiff cannot maintain a claim against Lawrence County Schools for a failure to receive notice of COBRA benefits when she admittedly received her COBRA notice as she states in her Second Amended Complaint.

In response to Defendants motion to dismiss, Plaintiff alleges for the first time that she did not *timely* receive a notice.  However, Plaintiff made no such claim in her Second Amended Complaint nor did she allege any facts to support such an allegation. It is well recognized that when ruling on a Motion to Dismiss, a court should look no further than the four corners of the complaint. *Kostrzewa v. City of Troy,* 247 F.3d 633, 643 (6th Cir. 2001) *Weiner v. Klais and Co., Inc.* 108 F. 3d 86, 89 (6th Cir. 1997) (citations omitted). It is the court's duty to determine whether Defendant will prevail on their motion to dismiss based solely upon the factual allegations contained in the complaint. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983); *Lee v. W. Reserve Psychiatric Habilation Ctr.*, 747

F.2d 1062, 1065 (6th Cir. 1984). Plaintiff may not amend her complaint by submitting additional allegations in response to a 12(b)(6) motion to dismiss. *Roulhac v. Southwest Reg'l Transit Auth.*, No. 1:07cv408, 2008 U.S. Dist. LEXIS 25415, 2008 WL 920354, at *4 (S.D. Ohio Mar. 31, 2008).

In any event, assuming arguendo that Plaintiff' second amended complaint meets the minimum pleading requirements, Defendant Lawrence County Schools argues that Plaintiff requests relief which is not authorized by law. As noted above, the PHSA authorizes only "appropriate equitable relief" for failure to provide a timely notification of the right to elect continuation coverage. 42 U.S.C. § 300bb-7. "Appropriate equitable relief" under the PHSA "is to be narrowly construed[.]"*Watson* II, 409 F.Supp.2d at 895 (*quoting Thomas*, 351 F.3d at 108, n.5).

Such relief does not include fines or attorney's fees. *Brett v. Jefferson Cnty.*, 123F.3d 1429, 1435 (11th Cir. 1997); see *also Mansfield v. Chicago Park Dist. Grp. Plan*, 946F.Supp. 586, 595 (N.D. Ill. 1996). Nor does such relief include compensatory monetary damages. See, e.g., *Loizon v. Evans*, 2020 U.S. Dist. LEXIS 161382, *12-14 (N.D. Ill. Sept. 3, 2020) (granting motion to dismiss for failure to state a claim because requests for monetary compensation are "barred by the PHSA"); *Lyons v. Bd. of Regents*, 2015 U.S. Dist. LEXIS 310, *5-8 (E.D. Wisc. Jan. 5, 2015) (granting motion for judgment on the pleadings because plaintiff's claim for monetary compensation is "not cognizable under 42 U.S.C. § 300bb-7").

Plaintiff argues she is entitled to restitution in the form of unreimbursed medical expenses. (Doc. 131 Page Id # 1643) "Appropriate equitable relief" is narrowly construed within the PHSA. *Watson v. Cleveland Mun. School Dist.*, 409 F.Supp.2d 892, 897 (N.D.

7

Ohio 2005). Such relief is limited to those remedies traditionally available at equity such as injunction, mandamus, and equitable restitution. Id. *citing Thomas v. Town of Hammonton,* 351 F.3d 108, n.5 (3rd Cir. 2003). Therefore, to the extent Plaintiff's Sixth Claim of her Second Amended Complaint seeks non-equitable damages, such requests are improper and must be dismissed.

Plaintiff's argument that she is entitled to restitution in the form of unreimbursed medical expenses is unavailing. Notably, in making her argument Plaintiff relies on facts outside the four corners of her Complaint. As detailed above, Plaintiff's Second Amended Complaint includes no allegations concerning her alleged damages.

More importantly, even if considered by the Court, Plaintiff's alleged damages as stated in her Memorandum Contra, unreimbursed medical expenses, are not recoverable under the PHSA as they are legal, not equitable. See *Loizon*, 2020 U.S. Dist. LEXIS 161382 at *12-13 (dismissing PHSA claim seeking "damages in the amount of extra medical expenses and the increase in premiums that [plaintiff] incurred post-termination"). The undersigned recognizes that Plaintiff also requests "such other relief to which she may be entitled by law and equity" but she fails to identify the relief sought or allege any specific damages suffered to support such a claim. Accordingly, Plaintiff's claim against Lawrence County Schools fails to state a claim for relief and is properly dismissed under Fed. R. Civ. P. 12 (b)(6).

### C. Marsh & McLennan (Doc. 126)

Defendant Marsh & McLennan Agency LLC ("MMA"), also seeks dismissal of Plaintiff's claims. In this regard, MMA adopts and incorporates by reference the separate Motions to Dismiss filed by Defendant Chard Snyder and Defendant Lawrence County

For the reasons set forth in those Motions to Dismiss, MMA argues that it is also entitled to have the claims dismissed against it with prejudice. The undersigned agrees.

Accordingly, for the reasons outlined above, Plaintiff's claims against MMA also fail to state a claim for relief and are properly dismissed under Fed. R. Civ. P. 12 (b)(6).

### III. Conclusion

In light of the foregoing, Defendants' motions to dismiss Plaintiff's claims asserted against them in the second amended complaint (Docs. 122, 125, 126) are **GRANTED** and Plaintiff's claims against Defendants Chard-Synder, Lawrence County Schools and MMA are herein **DISMISSED.**

                                            */s Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge